UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 98-20617
Summary Calendar
_____


OLHA MORGAN, also known as Olga Morgan,

                                    Plaintiff-Appellant,


VERSUS


CMS/DATA CORPORATION,

                                    Defendant-Appellee.


_____

Appeal from the United States District Court
For the Southern District of Texas

(H-97-CV-942)
_____
December 17, 1998


Before EMILIO GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     CMS/Data Corporation (CMS) is in the business of manufacturing, selling and installing billing software for law firms across the country.  Olga Morgan (Morgan) was hired by CMS in November 1990 as a project manager.  The main function of a CMS

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

project manager is to oversee the implementation of and conversion to CMS' billing software. Because CMS offers its products across the country and because onsight installation is required, a project manager position with CMS entails substantial travel. Morgan knew this when she was hired. She also knew when she was hired that CMS considered its project manager's position to be an administrative position which is exempt from the overtime requirements of the FSLA.

Beginning in 1995 and continuing into 1996, several of CMS' clients complained to CMS about Morgan's performance, stating that Morgan claimed to be overworked and "burned out." On September 16, 1996, CMS notified Morgan in writing about the client complaints and her declining performance. Feeling that her job was in jeopardy, Morgan retained counsel. Her counsel informed CMS in a letter dated September 30, 1996, that Morgan was under a physician's care for depression and requested that Morgan's depression be accommodated by allowing her a week off, by curtailing her workload to no more than 8 hours per day, by minimizing out-of-town travel, by assignment to her of accounts located within her home area, and by immediate cessation of harassment and other unnecessary external stress related to the performance of her job duties. On October 3, 1996, before CMS responded to the September 30 letter from Morgan's lawyer, Morgan filed an EEOC complaint alleging disability discrimination in violation of the ADA.

After a prolific exchange of correspondence between Morgan's counsel and either CMS or CMS' counsel and repeated written requests on the part of CMS for more medical information regarding Morgan's condition, four job options were offered to Morgan. She did not find any of the four acceptable and shortly thereafter filed this suit. In this suit, Morgan seeks compensation for the overtime work she performed while she was an employee of CMS, redress for what she characterizes as CMS' refusal reasonably to accommodate her disability, and damages for what she claims is her constructive discharge, intentional infliction of emotional distress, breach of contract and fraud. The parties filed cross-motions for summary judgment. The district court denied Morgan's motions for summary judgment and granted the motion for summary judgment by CMS. Morgan timely appeals.

We have carefully reviewed the briefs, the record excerpts, the reply brief, and relevant portions of the record itself. For the reasons stated by the district court in its comprehensive memorandum and order filed under date of June 4, 1998, we affirm the final judgment entered in this matter on June 4, 1998, which granted CMS' motion for summary judgment and dismissed plaintiff's causes of action on the merits.

**AFFIRMED.**